FILED IN CLERK'S OFFICE
U.S.D.C.

SEP 14 2006

JAMES N. HATTEN, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIANE J. KENNEDY,

    Plaintiff,

v.

JIM'S FORMAL WEAR, CO.,

    Defendant.

CIVIL ACTION NO.

1:05-CV-1280-JEC
**MAGISTRATE JUDGE BRILL**

### O R D E R  &  O P I N I O N

This case is presently before the Court on the Magistrate Judge's Report and Recommendation [25] denying without prejudice defendant's Motion to Dismiss [15] and defendant's Motion for Sanctions [17]. Defendant has filed objections to the Report and Recommendation [27]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Dismiss [15] should be **GRANTED** and defendant's Motion for Sanctions [17] should be **DENIED**.

### BACKGROUND

The Magistrate's Report and Recommendation ("R&R") [25] describes in detail the facts underlying this employment discrimination suit. On March 31, 2003, plaintiff filed an EEOC charge against defendant, her former employer, alleging race

AO 72A
(Rev.8/82)

discrimination. (R&R at 2.) Almost two years later, on February 8, 2005, plaintiff filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court for the Northern District of Georgia. (*Id.*) In that petition, plaintiff swore under penalty of perjury that she did not have any contingent or unliquidated claims of any kind, and that she had not been a party to an administrative proceeding within the past year. (*Id.*)

On March 15, 2005, the EEOC issued plaintiff a notice of right to sue. (*Id.*) Plaintiff subsequently filed this lawsuit on May 13, 2005. (*Id.* at 2-3.) Plaintiff did not amend her bankruptcy petition to disclose the lawsuit. (R&R at 3.) Neither did plaintiff disclose her pending bankruptcy to defendant. (*Id.*) In response to defendant's interrogatory asking whether plaintiff "had ever been involved in any other legal action (including . . . bankruptcies)," plaintiff answered "N/A." (*Id.*)

On June 6, 2005, the bankruptcy court discharged plaintiff's Chapter 7 petition. (*Id.*) Defendant subsequently filed a motion to dismiss this lawsuit on grounds of judicial estoppel. (Def.'s Mot. to Dismiss [15].) In its motion to dismiss, defendant argues that plaintiff's failure to disclose her discrimination claim to the bankruptcy court should bar plaintiff from pursuing the claim.[1] (*Id.*)

---

[1] After defendant filed its motion, plaintiff moved to reopen her bankruptcy case and, on January 27, 2006, amended her disclosure

Defendant concurrently filed a motion for Rule 11 sanctions. (Def.'s Mot. for Sanctions [17].) Both motions were referred to Magistrate Judge Brill. (R&R at 1-2.)

On February 7, 2006, the Magistrate Judge issued an R&R concluding that defendant's motion to dismiss and motion for sanctions should be denied without prejudice. (*Id.* at 9.) In the R&R, the Magistrate Judge found that it was necessary to address the issue of plaintiff's standing to assert her claim before proceeding to the question of judicial estoppel. (*Id.* at 4.) The Judge concluded that plaintiff lacked standing to pursue the claim, which belonged to the bankruptcy estate, because the bankruptcy trustee was the real party in interest. (*Id.* at 5.) She ordered plaintiff to notify the bankruptcy trustee of the need to take action with respect to plaintiff's claim by March 9, 2006. (*Id.* at 9.)

Plaintiff conferred with the trustee concerning her discrimination claim on March 1, 2006. (Pl.'s Letter of March 10, 2006 [29].) At that time, the trustee indicated that he would apprise the Court of his decision to pursue or abandon the claim "in the immediate future." (*Id.*) The Magistrate Judge extended the deadline for action by the trustee to March 24, 2006. (Order [28].) To this date, the trustee has not indicated any intention to pursue

---

documents to include the instant lawsuit. (Order Granting Mot. to Reopen Case [22].)

plaintiff's discrimination claim.

## DISCUSSION

I. **The bankruptcy trustee has abandoned plaintiff's discrimination claim.**

Defendant filed its motion to dismiss on the grounds of judicial estoppel. (Def.'s Mot. to Dismiss [15].) The judicial estoppel doctrine is intended to "protect the integrity of the judicial process." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). To that end, judicial estoppel precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id.* Under Eleventh Circuit law, judicial estoppel applies where: 1) a party takes an inconsistent position under oath in a prior proceeding, 2) with the intent of misleading the court or "mak[ing] a mockery of the judicial system." *Id.* The Eleventh Circuit has applied judicial estoppel to bar a debtor from asserting a claim that was not disclosed to the bankruptcy court. *Id.* See also, *Barger v. City of Cartersville*, 348 F.3d 1289, 1293-1296 (11th Cir. 2003).

It is unclear under Eleventh Circuit law whether the bankruptcy trustee is judicially estopped from pursuing plaintiff's claim. Compare *Barger*, 348 F.3d at 1293-1296 (concluding that the trustee was the proper party to pursue plaintiff's claim, but applying judicial estoppel to bar the claim as a result of plaintiff's failure

4

to disclose the claim to the bankruptcy court) and *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1273 (11th Cir. 2004)("The trustee made no false or inconsistent statement under oath in a prior proceeding and is not tainted or burdened by the debtor's misconduct."). The Magistrate Judge concluded that the trustee would not be judicially estopped from pursuing plaintiff's claim, and her reasoning on this issue is persuasive. (R&R at 7.)

The Court need not decide whether the trustee is judicially estopped from pursuing plaintiff's undisclosed claim, however, because he has not indicated any intention to pursue the claim. The trustee's deadline to intervene in this case expired nearly six months ago. (Order [28].) To this date, the trustee has failed to comply with the Magistrate Judge's order, and has taken no action that indicates his intent to pursue plaintiff's claim. Accordingly, the Court finds that the trustee has abandoned the claim. *See In re Prop. Mgmt. and Inv., Inc.*, 91 B.R. 170, 171 (M.D. Fla. 1988)("a trustee may choose not to pursue a cause of action for any number of reasons, [including] lack of funds or . . . the avoidance of litigation costs when the chance[] of success is debatable or doubtful") and *In re Tessmer*, 329 B.R. 776, 779 (M.D. Ga. 2005)(noting that debtor's causes of action "must be pursued by the Chapter 7 trustee or abandoned"). Any claim that the trustee may have had against defendant should therefore be **DISMISSED**.

AO 72A
(Rev.8/82)

## II. Plaintiff is judicially estopped from pursuing her discrimination claim.

Ordinarily, an abandoned claim revests in the debtor. *See In re VonGrabe,* 332 B.R. 40, 43 (M.D. Fla. 2005)(noting that a trustee's "abandonment of [a debtor's] claim revests the claim with the debtor") and *In re Upshur,* 317 B.R. 446, 453-54 (N.D. Ga. 2004) ("If . . . the trustee chooses to abandon the asset to the debtor, then the district court could consider whether the facts warrant the application of judicial estoppel to preclude the debtor from pursuing the claim."). Although the law is unclear whether judicial estoppel bars the trustee from asserting plaintiff's claim, it is well settled that judicial estoppel bars plaintiff from asserting the claim herself. *See Barger,* 348 F.3d at 1293-1296; *Burnes,* 291 F.3d at 1285; and *Parker,* 365 F.3d at 1273. Accordingly, plaintiff's claims against defendant should be **DISMISSED**.

## III. Defendant is not entitled to Rule 11 Sanctions.

Defendant requests sanctions against plaintiff under Rule 11 of the Federal Rules of Civil Procedure. Defendant contends that sanctions are appropriate because plaintiff's claims are "plainly barred by judicial estoppel." (Def.'s Mot. for Sanctions [17].)

Rule 11 authorizes sanctions against a party who pursues a frivolous legal claim. It requires plaintiff to certify that "to the best of [her] knowledge, information and belief," her claim is

6

"warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . ." FED. R. CIV. P. 11(b)(2). If the claim is not so warranted, the Court may "impose an appropriate sanction." FED. R. CIV. P. 11(c). "Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether [a] filing [i]s reasonable." *Harris v. Heinrich,* 919 F.2d 1515, 1516 (11th Cir. 1990).

The Court agrees with the Magistrate Judge that Rule 11 sanctions are not appropriate in this case, especially given plaintiff's status as a *pro se* litigant.[2] Plaintiff's action may have been viable if she had moved to amend her bankruptcy filings to include her discrimination claim before defendant filed its motion to dismiss. *See Burnes,* 291 F.3d at 1288 (noting the problems inherent in "[a]llowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary"). Moreover, it is still not clear whether plaintiff's claims would be barred if asserted by the bankruptcy trustee. Accordingly, defendant's motion for sanctions should be **DENIED**.

---

[2] Plaintiff's former counsel withdrew from the case on December 7, 2005. (R&R at n. 1.) Since her counsel's withdrawal, plaintiff has been proceeding *pro se*. (*Id.* at 1.)

7

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's Motion to Dismiss [15] and **DENIES** defendant's Motion for Sanctions [17].[3]

SO ORDERED, this 14 day of September, 2006.

　　　　　　　　　　　　/s/ Julie Carnes　　　　　　　
　　　　　　　　　　　　JULIE E. CARNES
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] In so ruling, the Court notes its agreement with the Magistrate Judge's R&R. That is, the Trustee is the real party in interest and the magistrate judge correctly directed the Trustee to indicate whether he wished to pursue the case filed by plaintiff. Nevertheless, while the magistrate judge does recommend denial without prejudice of defendant's motion to dismiss, this Court now grants dismissal because, after entry of the R&R, the Trustee never pursued the claim and because the plaintiff, to whom the claim reverted, is judicially estopped from pursuing it.

AO 72A
(Rev.8/82)